# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

LINDSAY HEABEL,

        Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

Case No. 21-CV-0099-LTS-KEM

**ORDER**

———————————

On July 31, 2023, the court held a hearing to show cause why this case should not be dismissed. Doc. 31. The parties' attorneys—James Larew for Plaintiff Lindsay Heabel and J. Michael Weston for Defendant State Farm Fire and Casualty Company— appeared, and Plaintiff failed to appear. Doc. 31. Defendant orally moves to dismiss this case with prejudice Doc. 32. The undersigned respectfully **recommends dismissal with prejudice** under Federal Rule of Civil Procedure 41(b) for lack of prosecution.

## I.    DISCUSSION

Heabel initially filed a complaint in state court on August 9, 2021 (alleging breach of contract, bad faith, and seeking declaratory judgment and injunctive relief), and State Farm removed the action to this court on October 18, 2021. Docs. 1, 3.[1] The action stems from damage to Heabel's property during the August 2020 derecho storm. Doc. 3. On January 13, 2023, the court granted the parties' joint motion to stay the case pending completion of an appraisal. Doc. 21. In a March 17, 2023 status report, the parties reported they had scheduled a joint inspection of the property for March 21. Doc.

---

[1] The parties later filed a Stipulation of Partial Dismissal with Prejudice on September 20, 2022, dismissing the bad faith claim. Doc. 19.

22.  In May 2023, the parties advised the court that the property inspection had not yet occurred because Heabel was not communicating to allow for the property inspection. Docs. 23, 25.  On May 17, 2023, the court ordered Heabel to cooperate in the appraisal process by June 16, 2023.  Doc. 26.  The parties advised the court in June 2023 that Heabel's counsel had been unable to communicate with Heabel despite numerous attempts, and thus, had been unable to provide her with a copy of the court's order. Docs. 27, 29.  On June 27, 2023, the court issued an order to show cause why the case should not be dismissed, providing that Heabel could avoid dismissal by allowing an inspection of the property by July 28, 2023, or appearing in person on July 31, 2023. Doc. 30.  Counsel again attempted to provide Heabel with a copy of the court's order through delivery of the order in person, through other family members, and through service by the United States Marshals Service.  Heabel has not allowed an inspection of the property and failed to appear at the hearing to show cause.  Doc. 31.

At the show cause hearing, State Farm requested that the case be dismissed with prejudice while Heabel's counsel argued for dismissal with prejudice.  State Farm argued that it would be prejudiced should the case be refiled in the future, due to the length of time since the storm that caused damage to the property (August 2020), and because intervening and future events (such as other storms) may have caused or may yet cause additional damage to the property, making it impossible to discern what damage was caused by the August 2020 derecho versus intervening events.  I also consider Heabel's lack of participation in this case (including a complete lack of communication with her own counsel or the court) since at least March 2023, but find it is possible, as counsel has asserted, that she may be suffering from a condition or conditions that have caused or contributed to her lack of participation.  Ultimately, I find State Farm's arguments persuasive about the potential impact a future lawsuit could have if the case is not dismissed with prejudice.

I find as follows:

1. Heabel has failed to comply with the court's order to allow inspection (Doc. 26) and the court's order to show cause (Doc. 30).

2. Heabel has failed to participate in this litigation and to prosecute her claims.

3. The case should be dismissed with prejudice to avoid prejudice to State Farm.

## II.    CONCLUSION

I recommend **dismissing this case with prejudice** for lack of prosecution.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. **Fed. R. Civ. P. 72**. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *See **United States v. Wise***, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**SO ORDERED** on August 4, 2023.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

3