IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LINDSAY HEABEL,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendant. | No. C21-99-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

This case is before me on a Report & Recommendation (R&R) (Doc. 33) and a corrected R&R (Doc. 35) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney.[1] Judge Mahoney recommends that I dismiss this case with prejudice for lack of prosecution under Federal Rule of Civil Procedure 41(b). Doc. 35. During a show cause hearing on July 31, 2023, which plaintiff failed to attend, plaintiff's counsel requested dismissal without prejudice. However, after summarizing the history of plaintiff's failure to communicate with her own counsel, and failure to comply with the court's order, Judge Mahoney concluded that dismissal with prejudice is the appropriate remedy. Doc. 35. The period for objections in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) has expired.[2]

---

[1] Judge Mahoney filed the original (Doc. 33) R&R on August 4, 2023. After plaintiff's counsel filed a response (Doc. 34) advising Judge Mahoney of a scrivener's error, Judge Mahoney filed a corrected, nunc pro tunc R&R (Doc. 35) on August 21, 2023.

[2] I will treat plaintiff's counsel's argument for dismissal without prejudice as an objection for the purpose of applying the appropriate standard of review.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 9, 2021, plaintiff Lindsay Heabel filed a petition (Doc. 3) in the Iowa District Court for Linn County against her homeowner's insurer, State Farm Fire and Casualty Company (State Farm). She asserts claims of breach of contract and bad faith and requests actual damages, punitive damages, declaratory and injunctive relief. *Id*. at 4-6.[3] Heabel's claims stem from damage to her home in Cedar Rapids, Iowa, as a result of a derecho storm on August 10, 2020. *Id*. at 2. She alleges that after the storm, she contacted State Farm and that State Farm sent an adjuster to complete an inspection of the damages. *Id*. at 2-3.

After contacting State Farm, Heabel attempted to obtain bids and estimates from local contractors for the cost of home repairs. *Id*. at 3. However, given the extent of the damage throughout the region caused by the storm, Heabel alleges that she had difficulty obtaining estimates and, indeed, was still having difficulty when she filed her petition. *Id*. She contends that she attempted to work with State Farm to extend the deadline for litigation under her homeowner's policy but was unsuccessful. *Id*. In addition to declining to extend the deadline, Heabel alleges State Farm failed to properly adjust the loss. *Id*. at 3-4.

State Farm filed a notice (Doc. 1) of removal to this court on October 18, 2021, invoking the court's diversity of citizenship jurisdiction. State Farm then filed an answer (Doc. 5) on October 25, 2021. Judge Mahoney conducted a scheduling conference on January 12, 2022, and issued a scheduling order (Doc. 13) on January 14, 2022. After several extensions of deadlines, Judge Mahoney granted the parties' joint motion (Doc. 20) to stay the proceedings pending the completion of an appraisal. Doc. 21.

In a joint status report (Doc. 22) filed March 17, 2023, the parties stated that they were "making progress on the appraisal" and had scheduled an inspection of the property

---

[3] On September 20, 2022, the parties filed a stipulation of partial dismissal with prejudice of Heabel's bad faith claim. Doc. 19 at 1.

for March 21, 2023. Doc. 22 at 1. However, on May 10, 2023, the parties filed a second joint status report (Doc. 23) stating that Heabel had ceased responding to her counsel's communications and that the inspection had not occurred as planned. The parties requested a status conference, which Judge Mahoney conducted on May 17, 2023. Doc. 25. Judge Mahoney then issued an order (Doc. 26) requiring Heabel's cooperation in the appraisal process by June 16, 2023.

On June 22, 2023, the parties filed a third joint status report (Doc. 27) indicating that despite numerous attempts, Heabel's counsel had been unable to contact Heabel and had not heard from her in months. Judge Mahoney held another status conference on June 26, 2023, at which Heabel's counsel informed the court that he had still been unable to reach Heabel. Doc. 29. On June 27, 2023, Judge Mahoney issued an order (Doc. 30) to show cause, requiring that Heabel either (1) communicate with her counsel and allow an inspection of her property by July 28, 2023, or (2) appear in person for a show cause hearing on July 31, 2023. The order warned Heabel that if she failed to allow inspection or appear for the hearing, her case would be dismissed for failure to prosecute. *Id*. at 2. The order further directed Heabel's counsel to make efforts to serve the order on Heabel. *Id*.

Heabel's counsel attempted to provide Heabel with the order through in person delivery, family members and the United States Marshals Service. Doc. 35 at 2. Heabel did not allow an inspection of her property, nor did she appear at the show cause hearing on July 31, 2023. *Id.* State Farm orally moved to dismiss Heabel's claim with prejudice for lack of prosecution while Heabel's counsel argued for dismissal without prejudice. Doc. 35 at 2. Judge Mahoney then filed her R&R (Docs. 33, 35), recommending that I dismiss this case with prejudice. Doc. 35.

## III.   APPLICABLE STANDARDS

### A.   *Review of Report and Recommendation*

A district judge reviews a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); N.D. IA. L.R. 72(d), 72A (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

4

further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### B.     *Involuntary Dismissal with Prejudice*

The Federal Rules of Civil Procedure authorize an involuntary dismissal of a plaintiff's case with prejudice under certain circumstances:

> If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Because a Rule 41(b) dismissal often operates as an adjudication on the merits of a case, such a dismissal "is a drastic sanction which should be exercised sparingly." *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). The Eighth Circuit has admonished Rule 41(b) dismissal unless "lesser sanctions prove futile." *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (quoting *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir. 2000)). Within this window of discretion, a district court may only exercise such dismissal power "if there has been 'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown*, 806 F.2d at 803-04 (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)).

A plaintiff's right to be heard must be balanced against "the needs of the court in advancing a crowded docket," with greater weight placed on the degree of the plaintiff's egregious conduct than any adverse impact on the defendant or the court. *Brown*, 806 F.2d at 804 (quoting *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir. 1976)). The degree of egregious conduct may be determined by looking at "the plaintiff's state of mind and the attendant circumstances." *DiMercurio*, 716 F.3d at 1140

5

(citing *Smith v. Gold Dust Casino*, 526 F.3d 402, 405-06 (8th Cir. 2008)). While a "plaintiff need not have acted in bad faith," cases should not be dismissed with prejudice unless a plaintiff "acted intentionally as opposed to accidentally or involuntarily." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (quoting *Hunt*, 203 F.3d at 527).

### IV. ANALYSIS

Judge Mahoney recommends dismissal with prejudice due to Heabel's "complete lack of communication with her own counsel or the court" since March 2023 and State Farm's argument that future events impacting the condition of Heabel's residence could prejudice State Farm's case in the future. Doc. 35 at 2-3. As noted above, I will conduct a de novo review, treating Heabel's counsel's response (Doc. 34) and argument in favor of dismissal without prejudice as a timely filed objection.

After Heabel stopped communicating, the court held three hearings in an attempt to give Heabel a chance to continue to prosecute her case. Docs. 24, 28, 30. In addition, the court issued two orders compelling Heabel's participation in her case and warned her that this case will be dismissed if she persists in her failure to participate. Docs. 26, 30. Nonetheless, Heabel has failed to communicate with her own attorney and failed to appear for the show cause hearing held on July 31, 2023.

As noted above, dismissal with prejudice is "an extreme sanction" that should be used sparingly. *Arnold*, 627 F.3d at 722 (citing *Hunt*, 203 F.3d at 527). The Eighth Circuit has articulated two policy considerations to weigh when determining whether dismissal with prejudice is proper. *Boyle*, 571 F.3d at 742. First, is "the court's need to manage its docket." *Id.* Second, is the need to balance the "conflicting policies of the risk of prejudice to the defendants caused by the delay" and the policy favoring dismissal of cases on the merits. *Id.*

Both considerations weigh in favor of dismissal with prejudice. Heabel's failure to participate in her own case has already caused the court to conduct additional hearings

6

and issue additional orders. Because no explanation has been offered, there is no way to determine if her absence is temporary, permanent or indefinite. This is especially disruptive in light of the fact that the homeowner's insurance policy at issue includes an appraisal condition that cannot be met without Heabel's cooperation.

As for the risk of prejudice to the defendant, I agree with State Farm that a dismissal without prejudice, thus leaving open the possibility of this case being refiled, would create a risk of prejudice to State Farm. The derecho storm occurred in August 2020. State Farm has actively appeared in this case and has been attempting to undertake the policy's appraisal process. As time passes, State Farm's ability to evaluate the damage to Heabel's home, and to determine whether the derecho was the cause of any such damage, will continue to diminish.

I have considered the possibility of dismissing this case without prejudice as a less severe sanction. However, given Heabel's ongoing and unexplained failure to participate, along with the resulting impact on the court and the fact that a dismissal without prejudice would harm State Farm's ability to defend this claim in the future, I agree with Judge Mahoney that dismissal with prejudice is the appropriate sanction.

## V. CONCLUSION

For the reasons set forth herein, I hereby **adopt** the Report and Recommendation (Docs. 33, 35) **without modification**. This action is hereby **dismissed with prejudice** for lack of prosecution under Federal Rule of Civil Procedure 41(b). Judgment **shall enter** in favor of defendant.

**IT IS SO ORDERED.**

**DATED** this 11th day of September, 2023.

_____
Leonard T. Strand, Chief Judge